UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN WATT CARETHERS,
ARTHUR BLANK, RICKY WILLIAMS,
and NICHOLAS ROBERTSON,

        Plaintiffs,

v.

OFFICER FUNCHES,

        Defendant.
_____/

Civil Case No. 15-14016

HON. MARK A. GOLDSMITH

### OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT UNDER 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### I. INTRODUCTION

This matter has come before the Court on a pro se complaint under 42 U.S.C. § 1983 (Dkt. 1). The four plaintiffs (Benjamin Watt Carethers, Arthur Blank, Ricky Williams, and Nicholas Robertson) were state prisoners at the Robert Cotton Correctional Facility in Jackson, Michigan during the time in question. Only Plaintiff Benjamin Watt Carethers signed the complaint and submitted it to the Court for filing.

The sole defendant is Ms. Funches, a state correctional officer at the Cotton Correctional Facility. Carethers alleges that Funches made derogatory and sexual remarks to him, created a hostile environment, and put his safety at risk. Compl. at 3. Carethers alleges that these activities amounted to cruel and unusual punishment in violation of the Eighth Amendment and deprived him of his Fourteenth Amendment right to equal protection under the law. Id.

Plaintiffs Blank, Williams, and Robertson apparently were named because they witnessed the alleged conduct. Id. Carethers seeks $25,000.00 in damages. Id.

## II.  LEGAL STANDARD

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); Flanory v. Bonn, 604 F.3d 249, 252 (6th Cir. 2010).

"In determining whether a prisoner has failed to state a claim, [courts] construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-556 (2007). In other words, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III.  ANALYSIS

### A.  Plaintiffs Blank, Williams, and Robertson

2

The Court begins its analysis by noting that Plaintiffs Arthur Blank, Ricky Williams, and Nicholas Robertson did not sign the complaint. They also did not pay their share of the filing fee or submit applications to proceed without prepayment of the fees and costs for this action. Furthermore, their only involvement in this case is that they supposedly witnessed Officer Funches' conduct toward Carethers.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A "§ 1983 cause of action, by virtue of the explicit language of the section itself, is a personal action cognizable only by the party whose civil rights had been violated . . . ." Jaco v. Bloechle, 739 F.2d 239, 242 (6th Cir. 1984).

The facts, as alleged in the complaint before the Court, fail to demonstrate that Officer Funches did anything to violate the civil rights of plaintiffs Blank, Williams, or Robertson. Thus, Blank, Williams, and Robertson cannot state a claim against Funches, and Carethers at no point had standing to assert a claim on their behalf. Barnett v. Luttrell, 414 F. App'x 784, 787 (6th Cir. 2011). The Court, therefore, dismisses the claims of Plaintiffs Arthur Blank, Ricky Williams, and Nicholas Robertson.

### B. Plaintiff Carethers' Allegations

Carethers has standing because he alleges that Officer Funches personally violated his constitutional rights. Nevertheless, the essence of Carethers' complaint is that Funches made

derogatory and inappropriate remarks to him. Verbal abuse and harassment, however, "do not constitute the type of infliction of pain that the Eighth Amendment prohibits," Johnson v. Unknown Dellatifa, 357 F.3d 539, 546 (6th Cir. 2004), and a state official's verbal harassment of a prisoner is "insufficient to support a section 1983 claim for relief," Wingo v. Tennessee Dep't of Corr., 499 F. App'x 453, 455 (2012). Defendant Carethers, therefore, has no right to relief from Officer Funches based upon the facts he alleges with respect to his verbal abuse claim.

Similarly, Carethers' claim that Funches "put [his] safety at risk" must be dismissed, as it fails to state a claim upon which relief can be granted. Although it does not require detailed factual allegations, stating a claim "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Yet this is all that Carethers provides. He does not allege a single thing about Funches' behavior or how his safety was put at risk. Accordingly, he has failed to state a claim.

### IV. CONCLUSION

For the reasons given above, the complaint also fails to state a plausible claim for which relief may be granted. The Court, therefore, summarily dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The Court also certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 442-45 (1962).

SO ORDERED.


Dated: January 28, 2016         s/Mark A. Goldsmith
Detroit, Michigan               MARK A. GOLDSMITH
                                United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 28, 2016.

                                     s/Karri Sandusky
                                     Case Manager